## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

ERIC EUGENE SNYDER, SR. :
           :
    **Plaintiff,**   :
           :  **NO. 5:23-CV-150-MTT-CHW**
   **VS.**     :
           :
Sheriff DAVID DAVIS; *et al.*, :
           :
    **Defendants.** :
_____ :

## <u>ORDER</u>

Plaintiff Eric Eugene Snyder, Sr., a pretrial detainee in the Bibb County Law Enforcement Center, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and moved to proceed *in forma pauperis*.   ECF Nos. 1; 2.   The Court ordered him to amend his complaint so that he might state a viable claim and provided specific instructions regarding how to do so.   ECF No. 5.   The Court also ordered Plaintiff to file a certified copy of his trust fund account statement.   *Id*. Plaintiff failed to respond so the Court ordered him to show cause why his complaint should not be dismissed for failure to comply with the Court's Order.   ECF No. 6.   Plaintiff failed to respond and the Court, therefore, dismissed his action without prejudice.   ECF No. 7.

Following dismissal, the Court received Plaintiff's amended complaint and an explanation regarding Plaintiff's inability to obtain a certified copy of his trust fund account statement.   ECF Nos. 9; 10; 11.   Using the mailbox rule, Plaintiff's amended complaint was timely filed.   ECF No. 9 at 6.   The Court, therefore, **VACATES** both the August 24, 2023 Order dismissing this action (ECF No. 7) and the August 25, 2023 Judgment (ECF No. 8), **GRANTS** Plaintiff's motions

to proceed *in forma pauperis* (ECF Nos. 2; 10) and, **DISMISSES** the action without prejudice for both failure to follow the Court's instructions and failure to state a claim upon which relief may be granted.   Fed. R. Civ. P. 41(b); 28 U.S.C. 1915A(b).

## I.    AUGUST 24, 2023 ORDER OF DISMISSAL

The Court dismissed Plaintiff's complaint without prejudice (ECF No. 7) and entered judgment (ECF No. 8) on August 24, 2023 because Plaintiff failed to file an amended complaint and submit the required certified copy of his trust fund account statement as ordered in the Court's June 16, 2023 Order (ECF No. 5) and its July 28, 2023 Show Cause Order (ECF No. 6).   On August 30, 2023, the Court received and docketed Plaintiff's amended complaint and explanation regarding his efforts to obtain a certified copy of his trust fund account statement.   ECF Nos. 9; 10-1.   Plaintiff's amended complaint and *in forma pauperis* documents are dated July 5, 2023 and, using the mailbox rule, are deemed filed on that date.   *See Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (stating that under the "mailbox rule" the Court generally deems a prisoner complaint filed on the date the plaintiff signs the document and delivers it to prison officials for mailing); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (stating that "[a]bsent evidence to the contrary, [the Court] assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it").   The Court's August 24, 2023 Order dismissing the action (ECF No. 7) and the August 25, 2023 Judgment (ECF No. 8) are, therefore, **VACATED**.

## II.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   ECF Nos. 2; 10.   The Court ordered Plaintiff to submit a

certified copy of his trust fund account statement.   ECF No. 5.   Plaintiff reports that he tried to obtain this document but has been unable to do so through no fault of his own.   ECF No. 10-1. A complaint should not be dismissed for failure to comply with an *in forma pauperis* order when it appears that the prisoner attempted to comply but was prevented from doing so by jail or prison officials.   *Wilson v. Sargent*, 313 F.3d 1315, 1321-22 (11th Cir. 2002).   The Court, therefore, **GRANTS** Plaintiff's motions to proceed *in forma pauperis*.   ECF Nos. 2; 10.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.   28 U.S.C. § 1915(b)(1).   If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.   If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.   Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.   28 U.S.C. § 1915(b)(4).   In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.   The clerk of court is **DIRECTED** to send a copy of this Order to the Bibb County Law Enforcement Center. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff

of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2).   In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.    Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

### III.    FAILURE TO FOLLOW INSTRUCTIONS IN THE COURT'S JUNE 16, 2023 ORDER AND FAILURE TO STATE A CLAIM

On June 16, 2023, the Court informed Plaintiff that his complaint failed to state a claim and he would be allowed an opportunity to amend the complaint.  ECF No. 5 at 1.  The Court ordered Plaintiff to list each Defendant in the heading of his amended complaint and, in the Statement of Claim section, "list each Defendant again and tell the Court exactly how each Defendant violated Plaintiff's constitutional or federal statutory rights."  *Id*. at 2.  The Court warned Plaintiff that (1) "[i]f a claim is not linked to any Defendant, that claim will be dismissed," (2) "[t]he Court will not refer to Plaintiff's original complaint to determine if Plaintiff has stated a claim; and (3) if Plaintiff fails to follow the instructions in the Order, "his action will be dismissed."  *Id*.

Plaintiff's amended complaint is difficult, if not impossible, to decipher.  He complains that "Myra Williams' sister came inside the jail on March 8, 2022 and March 9, 2022" and he "was tra[u]matized" either by this or by something else "after that incident."  *Id*.  Plaintiff states that (1) "Myra Williams' sister was very aggressive[,] and she is part of a gang"; (2) "Myra Williams' sister had a weapon that would kill you instantly"; and (3)"Jose Gonzalez also paid 12 gang members."  *Id*.  According to Plaintiff, "Bibb County Sheriffs allowed this type of behavior to go on in there (sic) jail."  *Id*.

It is not clear who "Myra Williams' sister" or "Jose Gonzalez" are or what their relationship is to Plaintiff.  Additionally, Plaintiff completely failed to follow the Court's instructions to list each Defendant in the Statement of Claim section of his amended complaint and tell the Court

what each did (or failed to do) that violated Plaintiff's rights.    Plaintiff lists Sheriff David Davis, Corporal Coulver, Officer Freeman, and Lieutenant Bryant in the heading of his complaint.    *Id*. at 1.    In the Statement of Claim section of the complaint, Plaintiff fails to name even one of the Defendants.    *Id*. at 5.    Thus, despite being told exactly how to amend his complaint, Plaintiff's amended complaint suffers from the same problem as the original complaint.    The Eleventh Circuit has held that

> [d]istrict courts have the inherent authority to control their dockets and ensure prompt resolution of lawsuits. . . .    [A] district court may dismiss a lawsuit sua sponte for failure to comply with a court order based on this authority.    Dismissal is an extraordinary remedy, but dismissal based on a plaintiff's failure to comply with a court order generally is not an abuse of discretion, especially where the litigant has been forewarned.

*Daker v. Bryson*, 841 F. App'x 115, 122 (11th Cir. 2020) (citations omitted).

In this case, the Court specifically told Plaintiff what was wrong with his original complaint and what he needed to do to correct the problems.    ECF No. 5 at 1-2.    He was warned that his action would be dismissed if he failed to follow the Court's instructions and link his claims to the named Defendants.    *Id*. at 2.    Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "'especially where the litigant has been forewarned.'"    *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 655 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (upholding dismissal without prejudice of *pro se* prisoner's complaint for failure to follow court's instructions); *Daker*, 841 F. App'x at 123 (11th Cir. 2020) (stating that dismissals for failure to follow court orders have been upheld even when the plaintiff was not given explicit forewarning of dismissal).

Plaintiff's action is, therefore, **DISMISSED** without prejudice for failure to follow the Court's Order.   Fed. R. Civ. P. 41(b).

Plaintiff's action is also dismissed for failure to state a claim upon which relief may be granted.   28 U.S.C. 1915A(b).   The PLRA requires the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).   When conducting a preliminary screening, the Court liberally construes the pleadings and accepts all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (citations omitted).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. §1915A(b).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).   If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.   *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

As stated above, Plaintiff names four Defendants in the heading of his complaint, but makes no allegations against any Defendant in the body of his complaint. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). A district court properly dismisses claims where a prisoner fails to state any allegations that connect the alleged constitutional violation with a defendant. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth.,* 621 F.2d 33, 36 (1st Cir. 1980) (affirming dismissal of claims against defendants when plaintiff failed to allege facts that connect those defendants with any claim); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation"). Thus, in the absence of any connection between the Defendants and Plaintiff's alleged unconstitutional deprivations, Plaintiff's action must be **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).[1]

---

[1] While this reason alone is enough to dismiss Plaintiff's action for failure to state a claim upon which relief may be granted, the Court notes that Plaintiff fails to otherwise sufficiently allege a constitutional violation. It appears that Plaintiff might seek to allege a Fourteenth Amendment failure-to-protect claim. *See Mosley v. Zachery*, 966 F.3d 1265, 1270 (11th Cir. 2020); *Keith v. Dekalb Cnty, Ga.*, 749 F.3d 1034, 1045 n.35 (11th Cir. 2014) (stating that pretrial detainee's claims properly analyzed under the Substantive Due Process Clause of the Fourteenth Amendment, but the standard is the same as that for the Eighth Amendment). But Plaintiff has failed to allege facts sufficient to show: (1) a substantial risk of serious harm; (2) deliberate indifference to that risk; or (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). It is unclear what harm, if any, Plaintiff faced from Myra Williams' sister's two visits to the jail or from Jose Gonzalez's payment to gang members. Plaintiff fails to tell the Court what any named Defendant did, or did not do, so it is impossible to

## IV.    CONCLUSION

The August 24, 2023 Order dismissing this action (ECF No. 7) and the August 25, 2023

Judgment (ECF No. 8) are **VACATED**.    Plaintiff's motions to proceed *in forma pauperis* (ECF

Nos. 2; 10) are **GRANTED**.    The action is **DISMISSED** without prejudice for both failure to

follow the Court's instructions and failure to state a claim upon which relief may be granted.    Fed.

R. Civ. P. 41(b); 28 U.S.C. 1915A(b).

**SO ORDERED**, this 14th day of March, 2024.


S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

know if any Defendant acted with deliberate indifference or if those actions or inactions caused Plaintiff's
unspecified injuries.    In other words, Plaintiff completely fails to allege a Fourteenth Amendment failure-to-
protect claim.